533 A.2d 992

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James BUTLER, Appellee.**

Supreme Court of Pennsylvania.

Submitted Sept. 21, 1987.

Decided Dec. 2, 1987.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kemal Alexander Mericli, Asst. Dist. Atty., Pittsburgh, Pa., for appellant.

John H. Corbett, Jr., Chief-Appellate Div., Melaine Shannon Rothey, Appellate Counsel, Office of the Public Defender, Howard B. Elfling, Pittsburgh, Pa., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The issue before the Court in this case is whether trial counsel provided ineffective assistance of counsel by failing to request a jury instruction on self-defense.

Appellee James Butler was found guilty by a jury of aggravated assault [1] and a violation of the Uniform Firearms Act [2] on May 9, 1984. These charges arose from appellee shooting Gerald Colwell in the back on August 9, 1983. Appellee's post-trial motions were denied on June 18, 1984, and appellee was sentenced on September 17, 1984 to a term of imprisonment of 5 to 10 years on the conviction for aggravated assault, and a consecutive term of probation of 5 years for the firearms conviction. On direct appeal in Superior Court appellee raised the following claims of error:

I. The Commonwealth failed to prove [appellee] guilty of aggravated assault since they failed to disprove his claim of self-defense.

II. A self-defense instruction should have been included in the jury charge; trial counsel was ineffective for failing to request such a charge.

Superior Court, by *per curiam* order, vacated the judgment of sentence on the conviction for aggravated assault and

1. 18 Pa.C.S.A. § 2702(a)(1).
2. 18 Pa.C.S.A. § 6106—"Firearms not to be carried without a license."

remanded to the trial court for an evidentiary hearing. In the memorandum opinion in support of its order, Superior Court explained that it rejected appellee's first claim, but found that appellee "may have been entitled to an instruction on self-defense" and remanded so that the trial court could determine whether trial counsel had a reasonable basis for failing to request such an instruction, 515 A.2d 616. Appellant Commonwealth of Pennsylvania filed an application for reargument which was denied by Superior Court on September 8, 1986. We granted appellant's petition for allowance of appeal.

Our standard of review for claims of ineffective assistance of counsel is as follows:

Our cases clearly indicate that ineffectiveness claims are measured by two components. First, counsel's performance is evaluated in light of its reasonableness if it is determined that the underlying claim is of arguable merit.... We also presume that counsel is acting effectively.... Second, we have required that the defendant demonstrate how the ineffectiveness prejudiced him.

(Citations omitted.) *Commonwealth v. Pierce*, 515 Pa. 153, 158–159, 527 A.2d 973, 975 (1987).

In the instant case, counsel was not ineffective for failing to request an instruction on self-defense, for, as the record clearly demonstrates, appellee was not entitled to such an instruction and, thus, the underlying claim lacks arguable merit. A self-defense instruction must be given upon request "where the jury would have a possible basis for finding [self-defense]." *Commonwealth v. Brown*, 491 Pa. 507, 512, 421 A.2d 660, 662 (1980). Further, in applying this standard, we must view the evidence "in a posture most favorable to [appellee]." *Commonwealth v. Black*, 474 Pa. 47, 53, 376 A.2d 627, 630 (1977).

In order to successfully invoke a claim of self-defense, the following three conditions must be satisfied:

"[I]t must be shown that (a) the [actor] was free from fault in provoking or continuing the difficulty which resulted in the [injury]; (b) that the [actor] must have

reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force to save himself therefrom; and (c) the [actor] did not violate any duty to retreat or to avoid the danger."

*Commonwealth v. Reiff,* 489 Pa. 12, 15–16, 413 A.2d 672, 673 (1980) quoting *Commonwealth v. Black, supra. See,* 18 Pa.C.S.A. § 505.

The Commonwealth presented evidence at trial establishing that appellee and his friend Edward Williams drove to a park in the St. Clair Village section of Pittsburgh, where appellee exited his car and threatened the victim with a .22 caliber derringer. The victim, holding a plastic bag containing his basketball shoes, ran from appellee. Appellee pursued the victim a short distance to a group of women working at an outdoor refreshment stand for a local church benefit. The victim used one of the women at the refreshment stand to shield himself from appellee. Eventually, the victim pushed his human shield aside and attempted to run from appellee. Appellee then shot the victim once in the back from a distance of 5 to 6 feet. Appellee returned to his car, which his friend was now driving, and left the scene. At the time of trial, the victim was paralyzed from the waist down due to the wound inflicted by appellee. This evidence was presented through the testimony of the victim which was corroborated in all material aspects by the testimony of two women who had been working at the refreshment stand, and one other eyewitness to the shooting.[3]

Appellee gave a different account of events, and testified as follows: that he feared the victim because the victim had, some months prior to the incident in this case, robbed him, and then threatened appellee's life should appellee go to the police; that he never reported the alleged robbery or threat to police; that he and his friend Williams were riding in appellee's car on the day of the crime when the victim, who was hiding behind a tree, jumped out in front of the

3. In light of the evidence presented by the Commonwealth, Superior Court properly concluded that the evidence was sufficient to disprove appellee's claim of self-defense.

car; that this "shocked" appellee, and the car stalled as he braked to a halt; that the victim stood by the passenger window of the car and was attempting to open the plastic bag he was carrying; that appellee exited his car holding the derringer in his hand whereupon the victim, seeing the weapon, ran across the street into a grassy field; that he pursued the victim into the field, and stood "in one certain spot" while the victim first ran among the women at the refreshment stand and then hid behind a tree; that the victim, while evading appellee, had ceased attempting to open his plastic bag; that, just as appellee had decided to return to his car, the victim ran from behind a tree towards and then past appellee; that, after running past appellee, the victim stopped and said, "Yeah, I've got something here for you too."; that he thought the victim might have a gun in the plastic bag and, as the victim began turning around, appellee shot him in the back; and, finally, that he never saw the victim brandish a weapon, nor did he see the victim actually reach into the plastic bag.

It is clear that, even if the jury believed appellee's testimony, that testimony did not remotely establish the requisite elements of self-defense. First, appellee was not free from fault in both provoking and continuing the difficulty, as he chased the victim, gun in hand, across the street into a grassy field when the victim attempted to flee. *See, Commonwealth v. Walker*, 447 Pa. 146, 149, 288 A.2d 741, 743 (1972) ("Even accepting [defendant's] testimony ... that [the victim] started moving toward [defendant] threatening him with a knife, [defendant] acted so forcefully to continue the conflict that he was properly barred on that ground alone from claiming self-defense.") and *Commonwealth v. Daniels*, 451 Pa. 163, 171, 301 A.2d 841, 846 (1973) ("Here, once [the victim] attempted to flee from [defendant] and the latter continued the altercation by pursuing him, [defendant] then became the aggressor and was not acting in self-defense.") Second, appellee could not have reasonably believed that the use of deadly force was a necessity in this case, since his own testimony establishes that there were reasonable alternatives available. *See, Common-*

*wealth v. Black, supra* (Use of deadly force unwarranted where defendant shot approaching victim, ignoring reasonable alternative of, inter alia, ordering the victim to halt.) Finally, appellee could have retreated in complete safety by leaving the scene of the incident when the victim attempted to flee. *See, e.g., Commonwealth v. Simmons,* 504 Pa. 565, 570, 475 A.2d 1310, 1313 (1984).

Viewing the evidence in the light most favorable to appellee, the evidence adduced at trial could not afford the jury any possible basis for finding self-defense. Appellee would not have been entitled to an instruction on self-defense. Therefore, trial counsel did not provide ineffective assistance of counsel in failing to request such an instruction. *Commonwealth v. Webster,* 490 Pa. 322, 416 A.2d 491 (1980).

Since we have determined as a matter of law that the claim of ineffective assistance of counsel is meritless, a remand for an evidentiary hearing is now inappropriate. Accordingly, Superior Court's order vacating the judgment of sentence and remanding to the trial court for an evidentiary hearing is reversed and the judgment of sentence is reinstated.

HUTCHINSON, Former Justice did not participate in the decision of this case.