590 A.2d 1245

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Philip Ben SAMUEL, Appellant.**

Supreme Court of Pennsylvania.

Argued April 8, 1991.

Decided May 8, 1991.

George Henry Newman, David M. McGlaughlin, Philadelphia, for appellant.

Ronald Eisenberg, Chief, Appeals Div., Gaele McLaughlin Barthold, Deputy Dist. Atty., Karen Grigsby, Asst. Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The primary issue presented in this case is whether the evidence was sufficient to support the conclusion drawn by the trial judge that the appellant forfeited his right to claim

self-defense[1] by provoking the fatal encounter. The secondary issue presented is whether there was sufficient evidence to sustain the appellant's conviction for possession of an instrument of crime. We find that the appellant's actions did not constitute provocation as set forth in 18 Pa.C.S. § 505(b)(2)(i), and accordingly reverse the judgment of sentence. We also find insufficient evidence to support the conviction for possession of an instrument of crime, and reverse the judgment of sentence on that count, as well.

The events in question occurred on the evening of April 3, 1986 in the Philadelphia apartment of Yaffa and Richard Bregenzer. (Richard is the decedent). The couple's stormy relationship, marked by numerous separations and continuous quarrels, had reached another impass that morning. Early in the day, Yaffa asked Richard, who had a history of drug and alcohol problems, to move out of the apartment until he "straightened up." Sometime during the day, while Yaffa was at work, Richard removed his clothing from the apartment. Yaffa then requested that her brother, the appellant, move into the apartment, for the dual purpose of assisting her financially and discouraging, by his presence, Richard's return.

The appellant arrived at the apartment between 7:00 and 7:30 p.m., with his clothing and a handgun. The gun was carried in a pouch, described as a twelve inch long cosmetic travel case with a zipper. Appellant always kept the gun at his place of business during the day, a family-owned automobile repair shop, and carried it home with him each evening. Shortly thereafter, Richard arrived unexpectedly at the apartment.

It was readily apparent to Yaffa that Richard was visibly intoxicated.[2] Yaffa immediately confronted Richard in the living room, asking him to leave, and threatening to call the police if he refused. Appellant walked from the kitchen

1. In Pennsylvania, self-defense is properly referred to as the defense of justification. See 18 Pa.C.S. § 502.

2. The autopsy report on Richard Bregenzer revealed alcohol levels of .08 in the blood, .18 in the urine and .59 in the stomach.

area, where he had been seated, to stand beside Yaffa, and echoed her request that Richard vacate the premises. Richard indicated that he would not comply with the request that he leave, at which point appellant directed Yaffa to call the police. During this initial encounter appellant was holding the gun either under his shirt or at his side, in a manner visible to Richard.

Yaffa went into the kitchen and called the police. Richard ignored the request to leave, walked past the appellant and towards the bedrooms while cursing at the appellant. Appellant then went into the kitchen/dining area and sat down, placing the gun back in its pouch, and set it upon the table. Yaffa completed her call to the police and went to see what Richard was doing. Richard came towards her in the hallway between the bedrooms and the living room carrying a sawed-off shotgun. As she screamed, "he's got the gun, he's got the gun," Richard pumped the cocking device, which loads a shell into the chamber. Appellant quickly entered the living room, holding his gun at his side. Richard pointed the shotgun at appellant and appellant fired three shots, two of which struck Richard in the chest.[3]

Yaffa immediately called the police.[4] Appellant took the phone from his sister, identified himself and explained that he had shot Richard in self-defense. Richard was rushed to a hospital, where he died an hour later without regaining consciousness. While investigating the incident, the police determined that the shotgun was not loaded.

On April 4, 1986, the appellant was charged with the murder of Richard Bregenzer and with possessing an instrument of crime. The appellant entered a plea of not guilty, alleging justification on the dual basis of self-defense and defense of others. See 18 Pa.C.S. § 505 & § 506.

**3.** Throughout this entire episode, including the arrival of a rescue team and the police, the Bregenzer's 5 year old daughter, Gina, was asleep on the couch in the living room.

**4.** According to the official police logs admitted into evidence at the trial, the time elapsed between the initial phone call requesting assistance in having Richard leave the apartment, and the second call reporting the shooting, was two minutes.

The case proceeded to trial without a jury on December 9, 1986. With the consent of appellant, adjudication was deferred until December 15, 1986. Appellant was found guilty of voluntary manslaughter[5] and possessing instruments of a crime.[6]

A motion in arrest of judgment and a petition for a court en banc were promptly filed and denied. Appellant was sentenced on May 31, 1988 to five (5) to ten (10) years on the voluntary manslaughter charge and a concurrent term of one (1) to two (2) years on the remaining charge. In a memorandum opinion, a panel of the Superior Court, with one Judge dissenting, affirmed the judgment of sentence. 397 Pa.Super. 646, 571 A.2d 505. This Court granted the appellant's Petition for Allowance of Appeal. We now reverse the judgment of sentence.

The appellant contends that the evidence was insufficient to sustain his conviction for voluntary manslaughter. He asserts that the evidence, taken in the light most favorable to the Commonwealth, establishes that his actions were legally justified under the principle of self defense and that he should have been found not guilty.

Where the defendant raises self-defense, the Commonwealth has the burden to disprove such a defense beyond a reasonable doubt. *Commonwealth v. Upsher*, 497 Pa. 621, 444 A.2d 90 (1982); *Commonwealth v. Eberle*, 474 Pa. 548, 379 A.2d 90 (1977).

In order to prevail on a theory of self defense, the defendant must establish that (a) he reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the actor did not violate any duty to retreat. *Commonwealth v. Butler*, 516 Pa. 522, 533 A.2d 992 (1987).

5. *See,* 18 Pa.C.S. § 2503.
6. *See,* 18 Pa.C.S. § 907.

■ In finding the appellant guilty of voluntary man-slaughter, the trial court held that the appellant's belief that he fired the gun to defend himself was "unreasonable," as appellant had provoked the fatal encounter by previously displaying his handgun to Richard.[7] Thus, the appellant had failed to prove he was "free from fault," precluding his reliance on the doctrine of self defense. The trial court stated in its opinion:

> Even though the defendant may have acted to protect his sister his behaviour [sic] in arriving with a gun and displaying it was highly provocative and gave rise to the tragedy which unfolded. By his own action, the defendant effectively forfeited the defense of self-defense.

■ 18 Pa.C.S. § 505(b)(2) addresses the issue of "provocation" in self defense and provides, in pertinent part:

> (2) The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:
>
> > (i) the actor, *with the intent of causing death or serious bodily injury,* provoked the use of force against himself in the same encounter;

Thus, in order to find that the defendant had forfeited his right to self-defense pursuant to the doctrine of provocation, the facts must support the statutory requirement that the defendant, with the *intent of causing death or serious bodily injury,* provoked the use of force. We are compelled to find that there is no evidence to support such a conclusion.

This Court has not yet had occasion to further define provocation as set forth in 18 Pa.C.S. § 505(b)(2)(i). *See Generally* Burkoff, *Criminal Offenses and Defenses in Pennsylvania,* Self Defense § II(B), p. 398 (2d ed. 1989).

---

**7.** Although it is unclear from the trial court's opinion, we assume she does not mean to imply that it was "unreasonable" for appellant to use deadly force when faced with an intoxicated man pointing a shotgun at him.

However, the meaning of the statute is clear. In order to establish that an actor was the aggressor or provoker and, hence, was not entitled to claim a defense of self-defense or defense of others, there must be some evidence to support the inference that the defendant's acts constituted "an intent to cause death or serious bodily injury." The facts here simply do not meet that requirement.

The victim came uninvited to the apartment and refused to leave when he was asked to by his wife and brother-in-law. The parties stipulated that the appellant was a licensee at the premises. The appellant left the room in which the defendant was standing and told his sister to call the police. The appellant then returned to the dining area and put the gun down on the table. There was no suggestion that the appellant had pointed the gun at the victim, that he had physically assaulted the victim, that he had threatened the victim, or that he had any physical contact with the victim. As such, up to that point, there was no "provocation" as defined by the statute to divest an actor of self-defense rights.

After Yaffa had called the police and the appellant was seated at the kitchen table, the victim went into the bedroom and came out into the hallway carrying a sawed-off shot gun. He pointed the gun at the ceiling and pumped it. The victim's wife yelled "He's got the gun, he's got the gun." Appellant then came into the living room, carrying his gun. The victim aimed his gun at the appellant. Appellant raised his gun in response and shot three shots at the victim, killing him. These undisputed facts, clearly established that at the time of the killing, the acts of the appellant did not constitute provocation.

This Court cannot agree that appellant's initial display of the gun to Richard, in a non-threatening manner, accompanied with a request to vacate the apartment was "provocation" within the meaning of the statute. Rather, the initial exhibition of the gun is more consistent with a finding that appellant was attempting to warn Richard to leave before the situation would explode. *See Commonwealth v. Ed-*

*wards,* 448 Pa. 79, 292 A.2d 361 (1972). Even if the initial display of the appellant's gun could be seen as provocative, the balance between the parties shifted when Richard left the room and appellant retreated to the dining area, setting down his weapon. Richard's re-entry into the living room with a sawed-off shotgun placed him in the position of being the aggressor.[8]

Accordingly, we find that as a matter of law, the acts of the appellant did not constitute "provocation" within the meaning of 18 Pa.C.S. § 505(b)(2)(i), and that he was therefore entitled to claim the defenses of self-defense and defense of others.

■ Appellant was also convicted of possession of an instrument of crime in violation of 18 Pa.C.S. § 907; a conviction which he asserts was based on insufficient evidence. As we stated in *Commonwealth v. Hardick,* 475 Pa. 475, 380 A.2d 1235 (1977), "two requirements must be met before one can be convicted under this section: (1) possession of criminal instruments by the defendant; and (2) an intent to use the tools for some criminal purpose." *Id.,* 475 Pa. at 478, 380 A.2d at 1236. (emphasis supplied).

In the instant case, the evidence establishes that the appellant was in possession of a firearm in the apartment, where the parties stipulate he was a licensee, as his sister had asked him to move in that day. As such, he was entitled by law to possess the weapon in that location. *See* 18 Pa.C.S. § 6106(a), and *Commonwealth v. Jerry,* 323 Pa.Super. 299, 470 A.2d 601 (1983). This Court having clearly found that the appellant fired the weapon in self-defense, the facts cannot support an inference that appellant possessed the gun with the intent to use it for a criminal purpose. Thus, the commonwealth has failed to establish both elements of the crime charged and the verdict on this count must also be reversed.

8. In *Edwards,* we stated: "Where the original assailant becomes the assaulted, it is he who then has a right of self defense." *Id.* 448 Pa. at 85, 292 A.2d at 364.

Wherefore, the judgment of sentence is reversed and vacated as to the charges of voluntary manslaughter and possession of instruments of crime.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I dissent. In this case, the appellant introduced the loaded weapon into the conflict long before the victim retrieved his shotgun. Appellant admitted in his amended statement that when the victim refused to leave his own home, appellant left the kitchen and approached him, holding the gun under his shirt. Appellant stated that the victim had seen the weapon and it was at that point that the victim went to the bedroom and got the shotgun. N.T. 12/10/86 at 146–148.

The majority finds a lack of provocation on the part of the appellant from a cold record while the trier of fact, who heard all of the evidence and clearly understood the law, found that appellant was not free from fault in this instance. The record of this case clearly shows that there was sufficient evidence for the trier of fact to find every element of the crimes charged were proven beyond a reasonable doubt. *Commonwealth v. Griffin*, 511 Pa. 553, 515 A.2d 865 (1986). That is, or at least was, the standard of review in sufficiency of the evidence claims.

Until today, it was well settled that a valid claim of self defense fails when the actor introduces a weapon into an encounter without provocation. *See*, e.g. *Commonwealth v. Searles*, 445 Pa. 240, 285 A.2d 179 (1971) and *Commonwealth v. Blackman*, 446 Pa. 61, 65, 285 A.2d 521, 523 (1971). The majority now establishes a new standard for judging self defense cases.

I would affirm the trial court decision.