J-S80005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEMONI LARON GHEE | |
| Appellant | No. 726 MDA 2016 |

Appeal from the PCRA Order April 14, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000065-2013

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JANUARY 17, 2017**

Jemoni Laron Ghee appeals from the order entered in the Court of Common Pleas of Franklin County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A §§ 9541-9546.  After careful review, we affirm on the basis of the opinion authored by the Honorable Angela R. Krom.

Ghee and his brother, Jelani, were convicted of aggravated assault stemming from an incident in which the Ghee brothers and the victim, Clarence Green, stopped for a bathroom break on their drive back to Franklin County from a casino in Harrisburg.  According to the testimony adduced at trial, the Ghee brothers choked, punched, hit and kicked Green and left him bleeding on the side of the road.

The Ghee brothers were both charged with attempted homicide, aggravated assault, robbery – inflict serious bodily injury, and simple assault. A joint trial commenced on August 12, 2013, and, on August 15, 2013, the jury acquitted the brothers of all charges except aggravated assault. Ghee was sentenced on September 18, 2013, by the Honorable Douglas W. Herman to a term of imprisonment of 120 to 240 months. Ghee appealed his judgment of sentence, which was affirmed by this Court on December 17, 2014. *See Commonwealth v. Ghee*, 347 MDA 2014 (Pa. Super. filed Dec. 17, 2014).

On October 1, 2015, Ghee filed a *pro se* PCRA petition. The court appointed counsel, who declined to file an amended petition. An evidentiary hearing was held on February 29, 2015, at which time Ghee and his trial counsel, Shane Kope, Esquire, testified. By order dated April 15, 2016, the trial court denied relief. This timely appeal follows, in which Ghee raises the following issues for our review:

> 1. Did the trial court err in denying Mr. Ghee's request for a new trial due to ineffective assistance of trial counsel when trial counsel failed to cross-examine and impeach the victim and only eyewitness on his pending criminal charges to show a bias and motive for lying?
>
> 2. Did the trial court err in denying Mr. Ghee's request for a new trial due to ineffective assistance of trial counsel when trial counsel failed to request the jury be instructed on justification/self-defense?

Brief of Appellant, at 4.

Our standard and scope of review for the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. *Id.*

Here, both of Ghee's appellate claims allege the ineffectiveness of his trial counsel, Attorney Kope. There has long been a presumption in the law that counsel acts "within the wide range of reasonable professional assistance." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). A defendant bears the burden of proving otherwise. *Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007). The Pennsylvania Supreme Court has set forth three elements which must all be proven in order to demonstrate ineffective assistance of counsel. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004) ("Failure to satisfy any prong of the test will defeat an ineffectiveness claim."). Specifically, a defendant must prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffective assistance of counsel caused him prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

Ghee first asserts that counsel was ineffective for failing to cross-examine the victim, Green, regarding his pending criminal charges. Ghee

claims that cross-examination would have revealed bias on the part of the victim. In its Pa.R.A.P. 1925(a) opinion, the PCRA court concluded that, while Ghee satisfied the first two prongs of the ineffectiveness test, he ultimately failed to demonstrate that, but for Attorney Kope's failure, the result of his trial would have been different. The court based that conclusion on the overwhelming evidence produced at trial in support of the Commonwealth's case, which included not only Green's testimony, but that of ten other witnesses and nearly 80 exhibits. Upon review, we conclude that the PCRA court's analysis thoroughly and properly disposes of this issue. *See* PCRA Court Opinion, 4/15/16, at 4-9. Accordingly, Ghee is entitled to no relief.

Finally, Ghee asserts that trial counsel was ineffective for failing to request that the jury be instructed as to justification/self-defense. Citing case law holding that "[a] defendant is entitled to an instruction on any recognized defense which has been requested, which has been made an issue in the case, and for which there exists evidence sufficient for a reasonable jury to find in his or her favor," *Commonwealth v. Buksa*, 655 A.2d 576, 583 (Pa. Super. 1995), Ghee argues that certain evidence adduced at trial, in which Green was portrayed as the aggressor, supported such a charge.

The PCRA court noted that the defense theory of the case was that the Ghee brothers and Green engaged in a scuffle, but that the Ghee brothers left the scene before the most severe of Green's injuries occurred. "The

'gist' of the defense was that the Ghee brother[s] left the scene and Green got hit by a car after that." PCRA Court Opinion, 4/15/16, at 11. Accordingly, the court found that a self-defense instruction would have been wholly at odds with Ghee's defense, which included testimony from a forensic pathologist who opined that Green suffered from blunt impact injuries most consistent with having been run over by a vehicle. **See** N.T. Trial, 8/15/13, at 66-95 (testifying, *inter alia*, that victim's injuries not consistent with having been punched or kicked, but consistent with having been hit by "some kind of mechanical device or application of force by some kind of powerful object"). As such, the court concluded that counsel had a reasonable basis for not requesting a justification/self-defense charge. **See** PCRA Court Opinion, 4/15/16, at 9-12. Trial counsel will not be deemed ineffective for pursuing a particular strategy, so long as the course chosen in reasonable. **See Commonwealth v. Rivers**, 786 A.2d 923 (Pa. 2001). We agree with the PCRA court that counsel had a reasonable basis for declining to request a self-defense instruction and, as such, cannot be deemed ineffective.

In sum, we have reviewed the record and the briefs submitted by the parties and conclude that Judge Krom thoroughly and correctly disposes of both issues Ghee raises on appeal. Accordingly, we affirm on the basis of her well-reasoned opinion and instruct the parties to attach a copy in the event of further proceedings in this matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2017

## IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| vs. | : | No. CR 65 of 2013 |
| | : | |
| Jemoni L. Ghee, | : | Judge Angela R. Krom |
| Defendant | : | |

### Statement pursuant to Pa.R.A.P. 1925(a)

Before the Court is Defendant's *Notice of Appeal* filed May 4, 2016.

Defendant challenges this Court's *Order* of April 15, 2016,[1] denying Defendant's

petition for post-conviction relief. Both issues raised by Defendant's *Concise*

*Statement of Matters Complained of on Appeal*, as well as the procedural history of

this case, have been thoroughly discussed in the *Opinion* accompanying the April

15, 2016, *Order*.

This Court is content to rely on its prior writing which has been attached

hereto for the Superior Court's use. For the reasons carefully described in the

April 15, 2016 *Opinion*, Defendant is entitled to no relief. His appeal should be

denied.

---

[1] The Opinion and Order of Court is dated April 14, 2016, filed April 15, 2016.

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA – FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| v. | : | No. CR 65 of 2013 |
| | : | |
| Jemoni L. Ghee, | : | |
| Defendant | : | Honorable Angela R. Krom, J. |

## OPINION AND ORDER OF COURT

Before Krom, J.

APR 15 2016

EXHIBIT
B

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| vs. | : | No. CR 65 of 2013 |
| | : | |
| Jemoni L. Ghee, | : | Judge Angela R. Krom |
| Defendant | : | |

## OPINION

Before the Court for review is Jemoni L. Ghee's ("Defendant") request for relief under the Post Conviction Relief Act. For the reasons that follow, Defendant's request for relief is denied.

## Background/ Procedural History

Defendant and his brother, Jelani Ghee ("Jelani"),[1] were charged with Criminal Attempt-Criminal Homicide,[2] Aggravated Assault,[3] Robbery- Inflict Serious Bodily Injury,[4] and Simple Assault[5] as a result of an incident that occurred on November 7, 2012. According to the victim, Clarence Green ("Green"), when the three men stopped for a bathroom break on their way back to Franklin County from the Hollywood Casino in Harrisburg, Defendant choked and punched him while Jelani hit and kicked him, then they left him bleeding on the side of the road. N.T. 8/13/13 at 21-23. A joint trial by jury was held on August 12, 2013, through August 15, 2013. After hearing testimony from several police officers, medical professionals, the man who found Green on the side of the road, a man who lived near the scene of the crime, the victim, the victim's stepfather, forensic scientists, and Jelani, the jury found Defendant and Jelani guilty of Aggravated Assault and not guilty of the remaining charges.

---

[1] By Opinion dated February 19, 2016, the Superior Court upheld this Court's denial of Post Conviction Relief to Co-Defendant, Jelani Ghee. See 1064 MDA 2015.

[2] 18 Pa.C.S. § 901(a).

[3] 18 Pa.C.S. § 2702(a)(1).

[4] 18 Pa.C.S. § 3701(a)(1)(i).

[5] 18 Pa.C.S. § 2701(a)(1).

On September 18, 2013, Defendant was sentenced to a term of incarceration in a State Correctional Institution of not less than 120 months to not more than 240 months. On September 30, 2013, Shane Kope, Esquire ("Kope"), who represented Defendant at trial, filed Post-Sentence Motions on behalf of Defendant challenging the weight of the evidence and seeking reconsideration and modification of the sentence. By Opinion and Order dated January 23, 2014, the Honorable Douglas W. Herman denied Defendant's Post-Sentence Motions. On February 20, 2014, Defendant filed a Notice of Appeal. Thereafter, on December 17, 2014, the Superior Court affirmed Defendant's judgment of sentence.

On October 1, 2015, Defendant filed a *pro se* Post Conviction Relief Act ("PCRA") Petition. Attorney Kristen Nicklas, appointed by the Court to represent Defendant in connection with his PCRA proceedings, notified this Court on November 25, 2015, that an Amended PCRA Petition would not be filed. The Commonwealth filed an Answer to the Defendant's *pro se* PCRA Petition on December 14, 2015. Thereafter, an evidentiary hearing was held on February 29, 2015. Defendant and Kope testified at the hearing. Written argument has been timely filed by both Defendant and the Commonwealth. This matter is ready for decision.

## Discussion

The PCRA was enacted to provide individuals who are convicted of crimes for which they are innocent, or those serving illegal sentences, with a means to obtain collateral relief. *See* 42 Pa.C.S. § 9542. To be entitled to relief, the petitioner must first demonstrate he was convicted of a crime under the law of Pennsylvania, and that he is currently serving a sentence or waiting to do so. *See* 42 Pa.C.S. §9543(a)(1). Second, the petitioner must prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated statutory factors. *See* 42 Pa.C.S. §9543(a)(2). Third, a petitioner must demonstrate the issues raised under the Act have not been previously litigated or waived, and finally, that the

2

failure to litigate such issues could not have resulted from a rational, strategic, or tactical decision by counsel. *See id.* at §9543(a)(1), (3), (4).

The ineffective assistance of counsel which so undermined the truth-determining process that "no reliable adjudication of guilt or innocence could have taken place" is cognizable under the Act. *See* 42 Pa.C.S. §9543(a)(2)(ii). The law is clear that counsel is presumed effective and the defendant bears the burden of proving otherwise, accomplished by satisfying a three-prong performance and prejudice test. *See Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010); *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001). First, the petitioner must show the underlying substantive claim has arguable merit. *See id.* Next, a petitioner must demonstrate that counsel did not have any reasonable basis for his acts or omissions designed to effectuate the client's interest. *See id.* Finally, a petitioner must demonstrate that actual prejudice resulted from counsel's inadequate performance. *See id.* Prejudice is proven where a defendant shows, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009. "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Muir*, 2015 WL 6507982, at *3 (Pa.Super. 2015) *quoting Commonwealth v. Cam Ly*, 980 A.2d 61, 73 (Pa. 2009) (internal quotation marks and citations omitted).

If the defendant fails to satisfy any one of the three prongs of the test, the claim of ineffective assistance must be denied. *See Pierce*, 786 A.2d at 221-22. The inquiry echoes that set forth by the United States Supreme Court, requiring both a showing that counsel's performance was deficient, and that the deficiency was prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 687-91 (1984). Pursuant to the these standards, the Court will analyze Defendant's claims regarding Kope's representation.

3

In his *pro se* PCRA Petition, Defendant alleges that Kope was ineffective for: 1) failing to cross-examine Green regarding Green's pending criminal charges in Franklin County; and 2) failing to request a jury instruction on justification/self- defense. PCRA ¶ 6C. Each allegation will be discussed in turn.

*Failure to cross-examine Green regarding pending criminal charges:*

In support of his argument that Kope was ineffective for failing to cross-examine Green as to his pending criminal charges, Defendant cites to the Pennsylvania Supreme Court's decisions in *Commonwealth v. Evans*, 512 A.2d 626 (Pa. 1986) and *Commonwealth v. Hill*, 566 A.2d 252 (Pa. 1989). Both *Evans* and *Hill* make it clear that the defense must be permitted to cross-examine a Commonwealth witness regarding outstanding criminal charges to explore possible bias in favor of the prosecution.

> Even if the prosecutor has made no promises, either on the present case or on other pending criminal matters, the witness may hope for favorable treatment from the prosecutor if the witness presently testifies in a way that is helpful to the prosecution. And if that possibility exists, the jury should know about it.

*Hill*, 566 A.2d at 253.

However, both *Evans* and *Hill* are distinguishable from the case at bar in that they arise from a different procedural posture than the present case. In *Evans*, the Supreme Court determined that the trial court erred in refusing to permit cross-examination of the prosecution's chief witness about whether he had been promised or expected leniency with respect to pending charges. 512 A.2d 626. Similarly in *Hill*, the Supreme Court found that it was error for the trial court to forbid cross-examination of the victim/witness as to his guilty plea entered on an unrelated matter, even though the victim/witness had not yet been sentenced. 566 A.2d at 253.

4

In the case at bar, the trial court did not refuse to permit cross-examination of Green; rather, counsel, as a matter of strategy (discussed further below) elected not to do so.

Interestingly, Defendant's brother and co-defendant, Jelani, raised this very issue in his PCRA Petition. In support of his claims, Jelani relied on *Commonwealth v. Murphy*, 591 A.2d 278 (Pa. 1991) and *Commonwealth v. Davis*, 652 A.2d 885 (Pa. Super. 1995). Both the *Murphy* and *Davis* Courts held that the allegation that counsel was ineffective for failing to question a witness regarding possible bias as the result of pending criminal charges was meritorious and it was further held that there was no reasonable basis for counsel's failure to do so. In both *Murphy* and *Davis*, the defendants were found to have suffered prejudice as a result of their trial counsel's failure to cross-examine the Commonwealth's witness regarding the bias resulting from pending criminal charges or juvenile probationary status.

However, both *Murphy* and *Davis* are distinguishable from Defendant's case in significant ways. In *Murphy*, the defendant was charged in connection with a shooting death. Two child witnesses gave vague descriptions of the gunman when they were interviewed a short time after the shooting; however, the children were re-interviewed four years later and identified the defendant as the shooter. At the time the children testified at trial, one of them was on juvenile probation and the other had just completed juvenile probation. 591 A.2d at 278. The child on juvenile probation was the only eyewitness to the crime, making her testimony crucial to the case. *Id.* at 280. Defense counsel never cross-examined the child regarding her juvenile probationary status in an attempt to show bias, whether based on a formal agreement or her subjective belief that she would receive favorable treatment. *Id.* The jury ultimately found the defendant guilty of first degree murder. *Id.* at 278.

In *Davis*, the jury convicted the defendant of attempted rape after hearing both his and the victim's version of events on the day in question. 652 A.2d 885. As no other witnesses

5

corroborated the victim's testimony, the victim was clearly a critical Commonwealth witness. *Id.* The Court reasoned that because the jury had acquitted the defendant of all but one charge, the jury did not find the victim's testimony to be "wholly plausible" and further found that because evidence of the victim's potential bias "may well have persuaded the jury to completely reject the victim's testimony and acquit" the defendant, counsel's failure to inquire into possible bias was not harmless error. 652 A.2d at 889.

In the present case, Defendant testified that, at the time of the trial, Green had pending criminal charges in the nature of resisting arrest. N.T. 2/29/16 at 8, 9. He further testified that he informed Kope that Green had pending criminal charges on at least two occasions. *Id.* at 9.

Based on the guidance of *Hill, Evans, Murphy,* and *Davis,* this Court must find that Defendant's allegation of ineffective assistance of counsel for failure to cross examine Green regarding his pending criminal charge has merit. Defendant has met his burden with respect to the first prong of the three prong test. However, the inquiry does not end there.

According to Defendant, Kope did not ask the victim about his pending criminal charges because he did not want to be too hard on the victim in front of the jury.[6] N.T. 2/29/16 at 10. On cross-examination, Defendant conceded that he was aware that Green had reached a plea agreement with an agreed-to sentence as to his pending charges prior to Defendant's trial. N.T. 2/29/16 at 11. Kope agreed that he did not cross-examine Green at trial regarding his then-pending criminal charges. N.T. 2/29/16 at 13. Counsel believed that he did look into Green's pending charges, but also believed that Green had already entered a plea and may have been sentenced. *Id.* at 14. He further testified that he didn't find it necessary to cross-examine Green as to the charges to show bias because there would not have been any. *Id.* Kope also agreed

---

[6] The record is clear that neither Attorney Kope, nor Jelani's attorney questioned the victim regarding his pending criminal charges. Rather, Green was cross-examined at length regarding prior inconsistent statements.

6

that the Commonwealth's evidence at trial consisted of more than just Green's testimony; the Commonwealth had ample evidence to support its case. N.T. 2/29/16 at 16. The record reveals that Counsel elected to cross-examine Green at length about other issues.

From the evidence presented at the PCRA hearing, Kope was aware of Green's pending charges and elected not to cross-examine him on that issue. While Kope did not wish to be too hard on Green in front of the jury, he clearly misunderstood the implications of Green's pending charges – even if a plea agreement had been negotiated and entered and Green was simply awaiting sentence. Kope's assertion that that he did not cross-examine Green regarding possible bias "because there would not have been any" demonstrates Kope's lack of familiarity with the guidance provided by cases like *Evans* and *Hill*. Accordingly, this Court must find that despite Kope's strategic reasons for failing to cross-examine Green regarding pending charges, his reasons were not reasonable. Defendant has established the second prong of the three prong test.

Despite this Court's finding that Kope's reasons for failing to cross-examine Green were not reasonable, this Court cannot find that Defendant suffered prejudice as a result. This finding is based on a careful review of the record and the overwhelming evidence produced at trial in support of the Commonwealth's case. Further, the Court relies on the discussion of the evidence by the Honorable (now) Senior Judge Douglas W. Herman in his Opinion and Order of Court of January 23, 2014, disposing of Defendant's Post-Sentence Motion.[7]

Green testified as to the incident which began on November 7, 2012, with Green and the Ghee brothers traveling from Franklin County to the Hollywood Casino in Dauphin County. Green testified at length regarding an assault at the hands of Defendant and Jelani which left him with considerable injuries. N.T. 8/13/13 at 4-81. In addition to Green's testimony the jury heard from at least ten other witnesses and viewed nearly 80 exhibits. The jury considered surveillance

---

[7] This matter was reassigned to the undersigned upon the retirement of the Honorable Douglas W. Herman.

7

footage from Hollywood Casino, which placed Defendant, Jelani, and Green together on the night of the assault. Comm. Ex. 68. The Commonwealth offered the testimony of Troopers William Dubbs and Michael Dick regarding the physical evidence found at the crime scene. N.T. 8/12/13 at 33; N.T. 8/14/13 at 129. The jury heard from the passing motorist who found Green staggering on the side of the road, wearing nothing but his boxer shorts and a sock, and bleeding from his nose and mouth. N.T. 8/12/13 at 15-28. The jury viewed photographs of the area where the victim was found which depicted blood and clothing. Comm. Exs. 62-67, 69-72. The jury heard from the trauma physician who treated Green at York Hospital that Green suffered from abrasions, lacerations, a fractured nasal bone, a fractured hyoid bone, fractured ribs, and a severe liver injury. N.T. 8/13/13 at 90-91. The trauma physician explained that the grade-five liver injury was caused by blunt force trauma rather than a penetrating trauma, and the hyoid bone (a small bone in the neck) fracture was the result of being strangled or struck. N.T. 8/13/13 at 94-95. The jury considered photos of Green's injuries. Comm. Exs. 1-5, 54-57.

Pennsylvania State Police Troopers Ronald Taylor and Michael Dick testified about finding trash bags containing Defendant's and Jelani's clothing worn on the day of the assault in the dumpster near the brothers' townhome. N.T. 8/13/13 at 125, 162; N.T. 8/15/13 at 38-39. The Commonwealth called a forensic DNA scientist employed by the Pennsylvania State Police DNA Laboratory who testified that Green's blood was identified on Jelani's sweatshirt. N.T. 8/14/13 at 123. Further, Pennsylvania State Police Corporal Paul McMullen testified regarding the execution of search warrants for both Defendant's and Jelani's person at the time of their arrest and advised the jury that Jelani had injuries consistent with being involved in an assault. N.T. 8/14/13 at 53-56. The corporal further testified that Defendant had injuries to his right hand and scratches on his chest and shoulder area. N.T. 8/14/13 at 55-56.

8

Jelani testified that he fought with Green on the night of November 7, 2012. N.T. 8/15/13 at 32-36. In his testimony, Jelani also implicated Defendant in the altercation with Green. *Id.*

In Jelani's appeal to the Superior Court following the denial of post-conviction relief by this Court, the Superior Court agreed that Jelani had not satisfied the prejudice prong of the ineffectiveness test based on the overwhelming evidence produced against him at trial.[8] *Commonwealth v. Jelani Q. Ghee*, 1064 MDA 2015 at 8 (Pa. Super. Feb. 19, 2016).

The Court cannot find that Defendant was prejudiced by Attorney Kope's failure to cross-examine Green regarding his pending criminal charges as evidence from numerous sources corroborated Green's testimony. *See Commonwealth v. Gentile*, 640 A.2d 1309, 1314 (Pa. Super. 1994). Considering the overwhelming evidence against Defendant independent of Green's testimony at trial, Defendant has not demonstrated that, but for Kope's failure, the result of the proceedings would have been different. Therefore, Defendant is not entitled to relief on the basis that Kope was ineffective for failing to cross-examine Green regarding his pending charges.

*Failure to request jury instruction on justification/self-defense*

Defendant next claims that Kope was ineffective for failing to request that the jury be instructed on justification/self-defense. This Court disagrees.

"The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by such other person on the present occasion." 18 Pa.C.S.A. §505(a). The law is

---

[8] The Superior Court further held, "Accordingly, we find that because [Jelani] did not call trial counsel as a witness at the PCRA hearing, he failed to establish that trial counsel lacked a reasonable basis for his actions." *Commonwealth v. Jelani Q. Ghee*, 1064 MDA 2015 at 11.

9

well-settled that a court must instruct the jury on self-defense when requested if the jury would have a possible evidentiary basis for finding self-defense. *Commonwealth v. Brown*, 421 A.2d 660, 662 (Pa. 1980). Evidence in support of a claim of self-defense can come from whatever source. *Id.* In reviewing the record to determine if a possible evidentiary basis exists for a jury finding self-defense, the evidence must be viewed "in a posture most favorable to [appellee]." *Commonwealth v. Butler*, 533 A.2d 992, 993 (Pa. 1987).

Three conditions must be present to successfully raise self-defense at trial:

> [I]t must be shown that (a) the [actor] was free from fault in provoking or continuing the difficulty which resulted in the [injury]; (b) that the [actor] must have reasonably believed that he was in imminent danger of death or great bodily harm, and that there was a necessity to use such force to save himself therefrom; and (c) the [actor] did not violate any duty to retreat or to avoid the danger.

*Butler*, 533 A.2d at 993 (citations omitted). If self-defense is raised, it becomes the Commonwealth's burden to prove, beyond a reasonable doubt, that the defendant's act was not justifiable self-defense. *Commonwealth v. McClendon*, 874 A.2d 1223 (Pa. Super. 2005). The Commonwealth may meet its burden by establishing:

> 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

*McClendon*, 874 A.2d at 1230.

Review of the record indicates that Jelani testified as to having engaged in a physical altercation with Green after Green struck Jelani in the head with what felt like a punch while Jelani was driving. N.T. 8/15/13 at 30. Jelani explained that Green had become agitated because he thought Defendant had put a pill in Green's beer. N.T. 8/15/13 at 29. Jelani testified, "I parked and we all jumped out of the car and he came running around the back of the car at me with his hands up *so I hit him twice*." N.T. 8/15/13 at 31 (emphasis added). After that, Jelani and Green started wrestling. N.T. 8/15/13 at 32. According to Jelani's testimony, Defendant

10

attempted to break up the fight; however, when he separated Green and Jelani, Green punched Defendant in the ear. Defendant and Green "began tussling in the bushes and [Green] picked [Defendant] and slammed him." N.T. 8/15/13 at 32. To get Green off of Defendant, Jelani punched him three more time in the face. *Id.* Jelani then got Green by the neck in a choke hold, trying to keep him off Defendant. N.T. 8/15/13 at 33-34. The brothers then ran for the car and left Green on the side of the road. N.T. 8/15/13 at 34. Defendant did not testify at trial.

At the evidentiary hearing, Defendant did not offer testimony as to this claim. Kope did not recall discussing a self-defense strategy with Defendant. N.T. 2/29/16 at 14. The defense strategy at trial was that Defendant had not injured Green in the manner in which he was actually injured. *Id.* "I think they had admitted to getting into some scuffle with [Green] on the side of a road, after [Green] had assaulted [Jelani], but that they had left the scene without the amount of injury that [Green] had suffered. [...] So, I don't believe self-defense was ever part of the trial strategy." N.T. 2/29/16 14-15. However, Kope did recall Jelani's testimony that Green had attacked him first in the car. N.T. 2/29/16 at 15.

On cross-examination, Kope agreed that the defense theory of the case was that the Ghee brothers and Green got into a "scuffle," but that Defendant (and his brother) left before the severe injuries to Green occurred. N.T. 2/29/16 at 17. The "gist" of the defense was that the Ghee brother left the scene and Green got hit by a car after that. N.T. 2/29/16 at 17-18. In fact, the defense offered the testimony of an expert witness which suggested that Green's injuries were consistent with being struck by a vehicle. N.T. 2/29/16 at 17.

A review of the record corroborates Kope's recollection of the defense strategy at trial. Dr. Jonathan Arden, a physician and forensic pathologist testified on behalf of the defense. Dr. Arden opined, after review of the evidence including Green's medical records from York Hospital, photographs of Green, and Green's imaging studies, that Green suffered blunt impact

11

injuries. N.T. 8/15/13 at 67-68. He further testified, including ample justification for his conclusions, that Green's injuries were most constituent with being run over by a vehicle. N.T. 8/15/13 at 86, 94.

A defense of justification/self-defense would have required that Defendant essentially admit that he caused the injuries suffered by Green, but assert that his actions were justified based on his fear of injury to himself (or perhaps to his brother – but he has not suggested a defense of others instruction should have been given). Such a defense would have been wholly inconsistent with the expert testimony of Dr. Arden as to his opinion of the source of the blunt impact trauma suffered by Green. Neither Defendant nor Jelani admitted running Green over with a motor vehicle. Accordingly, Kope had a reasonable basis for his failure to request that the jury be instructed on justification/self-defense.

An appropriate Order of Court follows.

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA–FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | Criminal Action |
| | : | |
| vs. | : | No. CR 65 of 2013 |
| | : | |
| Jemoni Q. Ghee,<br>Defendant | : | Judge Angela R. Krom |
| | : | |

## ORDER OF COURT

**NOW THIS** 14th day of April, 2016, upon review and consideration of Defendant's PCRA Petition, the Commonwealth's response, the evidence of record, the written arguments of counsel, and the law;

**IT IS HEREBY ORDERED** that Defendant's PCRA Petition is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Pennsylvania Rule of Criminal Procedure 908(E), Defendant, Jemoni Ghee, is hereby advised:

(1) You have a right to appeal the decision of this Court within thirty (30) days of the date of this order.

(2) You have the right to assistance of counsel in preparation of the appeal.

(3) If you cannot afford to pay an attorney to represent you in an appeal, you have the right to a court-appointed attorney and to be excused from the cost of filing and perfecting the appeal.

*Pursuant to the requirements of Pa.R.Crim.P. 114 (B)(1), (2) and (C)(1), (2), the Clerk shall promptly serve this Order or court notice on each party's attorney, or the party if unrepresented; and shall promptly make docket entries containing the date of receipt in the Clerk's office of the Order or court notice; the date appearing on the Order or court notice; and the date and manner of service of the Order or court notice.*

By the Court,

_____ J.

ADA Laura J. Kerstetter, Esq.
Kristen Nicklas, Esq., Counsel for Defendant
Jemoni Ghee, Defendant

**EXHIBIT**

A

tabbies