J-S18039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GARY L. COLEMAN | : | |
| | : | |
| Appellant | : | No. 1298 MDA 2019 |

Appeal from the PCRA Order Entered May 14, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s):  CP-41-CR-0001183-2015

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:         **FILED: MAY 11, 2020**

Appellant Gary L. Coleman appeals from the order of the Court of Common Pleas of Lycoming County denying Appellant's petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  Appellant argues that the PCRA court erred in rejecting his claim that trial counsel was ineffective in failing to request a jury instruction on justification.  We affirm.

The factual history of this case has been summarized as follows:

The two victims in this case, Jason Allen ("Allen"), and Jordan Anderson Royal, went to Anne's Tavern with Christopher Allen and Joshua King around 11 p.m. on July 4, 2015. Jason Allen and Joshua King are brothers, Christopher Allen is their cousin, and Jordan Anderson Royal is their friend. At Anne's Tavern, Jason Allen played pool. While playing pool, Jason Allen greeted Angela Di[M]arco, an acquaintance from school, who he grew up with and with whom he was friendly. Angela Di[M]arco is [Appellant's] fiancé[e] and mother of [Appellant's] two young children.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

[Appellant] observed Jason Allen speaking to Di[M]arco and concluded that Allen said something that Di[M]arco did not like. [Appellant] and Allen talked with each other about what Allen may have said to Di[M]arco. While body language signaled discord between [Appellant] and Allen, they did not yell or argue. The conversation ended and Allen resumed playing pool.

As Allen was taking a shot at pool, [Appellant] calmly walked around him and smashed a glass beer mug over Allen's head with such force that it broke into pieces. [Allen] was lining up the cue ball to take his next shot when he heard and felt glass breaking over him. [Appellant] then pushed Allen into a corner, swinging at him, kicking him, [and] striking him with pool sticks and chairs on Allen's face, back and stomach area. Multiple people blocked assistance to Allen and other people joined in striking Allen. After the altercation, Allen was the only individual observed bleeding. [Appellant] was seen striking Allen more than five times. As [Appellant] was leaving Ann[e]'s Tavern, [Appellant] struck Jordan Anderson Royal [on] the right side of his body. After [Appellant] struck Royal, Royal fell to the ground. Once on the ground, [Appellant] and others kicked and stomped on Royal's right side of his torso.

Allen lost a lot of blood and required about 30–40 stitches. Prior to stitching his wounds, medical staff pulled out pieces of glass from Allen. Medical records indicate that Allen suffered "a minor closed head injury, no concussion, multiple deep lacerations to the right ... periorbital area and the right cheek area," and noted a "foreign body present, complicated repair." Medical staff advised Allen that he may have "a few small pieces of glass left behind." In his testimony, Allen rated his pain level as a 9 on a scale of 1 to 10, with 10 being "the most extreme amount of pain[,]" lasting for about three to four days after the assault. Allen suffered scarring on his side and back from the pool stick or chairs. Allen suffered swelling to the face and mouth area of the jaw and inside his lip. Allen suffered permanent scarring on his face and body. Allen was off work for two weeks. Allen endured eye twitching for a period of about four to six months and double vision of the right eye for a couple of months. Allen increased visits to the chiropractor. As a result of his injuries, Allen stopped playing semi-pro football for a couple of weeks and now uses a special padded helmet when playing football.

*Commonwealth v. Coleman*, 69 MDA 2017, 2017 WL 3268516, at *1–2 (Pa.Super. Aug. 1, 2017) (unpublished memorandum) (quoting Trial Court Opinion (T.C.O.), 4/5/17, at 3–5 (citations to notes of testimony omitted; one set of brackets in original)).

After Appellant was charged in connection with these assaults and proceeded to trial, a jury convicted Appellant of two counts of aggravated assault, two counts of simple assault, possessing an instrument of crime, and disorderly conduct. On December 9, 2016, the trial court sentenced Appellant to an aggregate term of 92 to 184 months of imprisonment. On August 1, 2017, this Court affirmed the judgment of sentence and on February 6, 2018, our Supreme Court denied Appellant's petition for allowance of appeal.

On March 12, 2018, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended petition. On February 4, 2019, the PCRA court held an evidentiary hearing. On February 19, 2019, the PCRA court judge, the Honorable Richard A. Gray, issued an order and opinion, notifying Appellant of his intent to dismiss the PCRA petition.[2] On May 14, 2019, the Honorable Nancy L. Butts issued a final order in this case dismissing Appellant's petition and informing him of his right to appeal. On June 7, 2019, Appellant filed this timely appeal.

---

[2] Pennsylvania Rule of Criminal Procedure 907 requires the PCRA court to notify the petitioner of its intent to dismiss the petition *without a hearing* if the PCRA court is satisfied that there are no genuine issues of material fact and that the petitioner is not entitled to post-conviction collateral relief. ***See*** Pa.R.Crim.P. 907(1).

Our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Cox***, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Burton***, 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

***Commonwealth v. Small***, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

The sole issue Appellant raises on appeal is whether the PCRA court erred in denying his claim that counsel was ineffective in failing to request a particular jury instruction. We are guided by the following principles:

> [a]s originally established by the United States Supreme Court in ***Strickland v. Washington***, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.
>
> ***Commonwealth v. Wantz***, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Commonwealth v. Daniels***, 600 Pa. 1, 963 A.2d 409, 419 (2009).

***Commonwealth v. Selenski***, ___A.3d___, 1062 EDA 2019, 2020 WL 544091, at *4 (Pa.Super. Feb. 4, 2020).

Specifically, Appellant claims trial counsel was ineffective in failing to request a jury instruction on justification to require that the Commonwealth establish that Appellant did not act in self-defense. Appellant points to his trial testimony in which he stated that he attacked the victim in self-defense after the victim threatened to kill him.

However, we agree with the PCRA court's finding that Appellant's claim has no arguable merit as the evidence presented at trial did not support a self-defense claim. Our Supreme Court has explained:

> To prevail on a justification defense, there must be evidence that the defendant "(a) ... reasonably believed that he was in imminent danger of death or serious bodily injury and that it was necessary to use deadly force against the victim to prevent such harm; (b) that the defendant was free from fault in provoking the difficulty which culminated in the slaying; and (c) that the [defendant] did not violate any duty to retreat." **Commonwealth v. Samuel**, 527 Pa. 298, 590 A.2d 1245, 1247–48 (1991); **see** 18 Pa.C.S. § 505; **see also Commonwealth v. Harris**, 550 Pa. 92, 703 A.2d 441, 449 (1997). "The Commonwealth sustains its burden [of disproving self-defense] if it proves any of the following: that the slayer was not free from fault in provoking or continuing the difficulty which resulted in the slaying; that the slayer did not reasonably believe that [he] was in imminent danger of death or great bodily harm, and that it was necessary to kill in order to save [him]self therefrom; or that the slayer violated a duty to retreat or avoid the danger." **Commonwealth v. Burns**, 490 Pa. 352, 416 A.2d 506, 507 (1980).

**Commonwealth v. Sepulveda**, 618 Pa. 262, 289, 55 A.3d 1108, 1124 (2012) (citations omitted).

The PCRA court emphasized that the prosecution had presented video evidence at trial showing that Appellant was the initial aggressor in the assault of the victim. While Appellant repeatedly claimed that the victim had made

verbal threats to kill him, Appellant admitted that the victim did not raise a fist to him, was not threatening him at the time of the assault, and was merely playing pool when Appellant attacked him. Instead, Appellant broke a beer mug over the victim's head, pushed him into a corner, and hit him multiple times with pool sticks and chairs. As such, Appellant's testimony failed to show that he faced an imminent harm, but rather, showed that Appellant provoked an attack on an unsuspecting victim.

As Appellant failed to show that he was entitled to a jury instruction on self-defense, trial counsel cannot be found ineffective for not requesting a jury instruction on self-defense. *See Commonwealth v. Philistin*, 617 Pa. 358, 379, 53 A.3d 1, 12–13 (2012). Accordingly, we conclude that the trial court did not err in finding Appellant's ineffectiveness claim to be meritless and denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:05/11/2020